IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 5:20-CR-530-M

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) AGREEMENT<br>) TO REVOKE SUPERVISED RELEASE<br>) WITHOUT A HEARING |
| JAWON WHITLEY | )<br>)<br>)<br>) |

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant, Jawon Whitley, for good cause shown and based on agreement of the parties as set forth herein:

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive the right to a revocation hearing by knowingly and voluntarily admitting to any of the violations outlined in a motion for revocation. See Fed. R. Crim. P. 32.l(b)(2), (c)(2); United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. See Farrell, 393 F.3d at 500; United States v. Stehl, 665 F.2d 58, 58-60 (4th Cir. 1981); see also Fed. R Crim. P. 32.l(c)(1)-(2).

ADMISSION OF VIOLATIONS

The defendant knowingly and voluntarily admits to the violations in the Motion for Revocation. The Government can prove by a preponderance of the evidence violations have occurred. The defendant further stipulates the evidence in this matter is both sufficient and likely to result in a finding that the conditions of supervised release have been violated. Specifically, the defendant has committed the following violations of supervised release:

1. Use of a Controlled Substance        Grade C Violation

DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges reviewing with counsel 1) the notice of the alleged violations of supervised release and 2) the evidence related to each.

The defendant further acknowledges being aware of the following rights and is knowingly waiving them:

1. The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2. The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

The defendant acknowledges the Court may revoke, modify, or impose additional conditions of supervised release in addition to those which were imposed in the original sentencing order.

STIPULATIONS AND RECOMMENDATIONS

Pursuant to U.S.S.G. Chapter 7 Policy Statements, the parties stipulate the defendant's violation is a maximum Grade C with a criminal history category III. According to U.S.S.G. §7B1.4, a Grade C violation and a criminal history category III produces an imprisonment range of 5 to 11 months.

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the parties agree and recommend that the defendant be imprisoned for a term of 5 months with no additional supervised release following his incarceration. Additionally, the parties request that Mr. Whitley be allowed to self-report to the designated facility on February 15, 2024. If the Court rejects this sentence, each party has the right to withdraw from this Agreement and have an evidentiary hearing on the revocation of supervised release.

_____  
Jawon Whitley, Defendant  
Date 1/19/24

_____  
Attorney for the Defendant  
Date 1/19/24

_____  
Assistant United States Attorney  
Date January 19, 2024

RECOMMENDED BY U.S. PROBATION

_____  
Danele' Williams  
U.S. Probation Officer  
Date 01/18/2024

APPROVED this 22d day of January, 2024.

_____  
RICHARD E. MYERS II  
Chief United States District Judge